IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE:                                    MDL Docket No 04-1606 VRW

DEEP VEIN THROMBOSIS                      ORDER TO SHOW CAUSE

This Document Relates To:

05-1896 VRW
_____/

On May 6, 2005, Stephen J Purtill signed and filed a complaint, purportedly on behalf of Stephen and Valerie Marsh, for damages resulting from a deep vein thrombosis allegedly suffered by Mr Marsh after taking a flight operated by defendant Delta Airlines in May 2003. Mr Purtill practices with the O'Reilly & Danko law firm; two other lawyers from that firm are counsel of record in this case, Michael S Danko and Kristine K Meredith.

According to a letter from Mr Marsh received by the court on January 22, 2008, Mr and Mrs Marsh did not authorize the lawsuit

filed on their behalf and did not become aware of the lawsuit until they received correspondence from the O'Reilly & Danko firm on January 19, 2008. Doc #26 in No 05-1896. Mr Danko responded to these allegations by letter on February 8, 2008. Doc #21. Mr Danko told the court that Mr Marsh authorized the filing of a lawsuit during initial discussions with Mr Danko in July 2003. From the evidence now before the court, this statement appears to be incorrect.

The last communication from the O'Reilly & Danko firm to Mr Marsh before the filing of this lawsuit was a May 3, 2005 email from a paralegal to Mr Marsh that stated "I need to get a signed contract from you if you would like us to represent you in this matter." Doc #22, Exh B. Mr Marsh replied to this email with a one-line response containing his mailing address. Doc #22, Exh B. Mr Danko argues that this reply must be construed as an indication of Mr Marsh's continued interest in the litigation.

Even if Mr Danko is correct that this reply was an indication of Mr Marsh's continued interest in the litigation, it appears that the law firm communicated to Mr Marsh that no lawsuit would be filed on his behalf until receipt of a signed contract from Mr Marsh. This, of course, would be consistent with California Business & Professions Code, section 6147(a) that provides when a contingent fee contract is entered into by a lawyer and client, the client shall receive a copy of the contract "signed by both the attorney and client." O'Reilly & Danko never received a signed contract; indeed, Mr Marsh never received the proposed contract because the firm failed to update Mr Marsh's address. Yet, according to a declaration submitted to the court by Mr

Purtill, he and Mr Danko agreed that the absence of a signed contract should not prevent them from filing the complaint. Doc #23 at ¶4. Mr Purtill's declaration states that he and Mr Danko were concerned about a possible lapse of the statute of limitations. Doc #23 at ¶4. However that may be, Messrs Purtill and Danko and the O'Reilly & Danko law firm appear to have taken no steps after May 3, 2005, to obtain Mr Marsh's unambiguous assent to filing an action on his and Mrs Marsh's behalf or to execute a contingent fee agreement.

On these facts, it appears that Mr Purtill was not authorized to sign and file the complaint on behalf of Mr and Mrs Marsh on May 6, 2005. By doing so anyway, it appears that Mr Purtill may have violated FRCP 11(b). Even if the failure to have an unambiguous assent from Mr Marsh or to have in hand a signed fee agreement before filing the complaint could be excused on grounds that Messrs Purtill and Danko and the O'Reilly & Danko law firm had reason to fear a possible lapse of the limitations period, the failure to follow up after filing the complaint is difficult to understand. Hence, the court has concerns that Mr Danko and the law firm itself, as well as Mr Purtill, were responsible for the unauthorized filing of the complaint. If they were responsible for the unauthorized filing, they, too, may be subject to sanctions. See FRCP 11(c)(1).

Accordingly, Stephen J Purtill, Michael S Danko and the O'Reilly & Danko law firm are ORDERED TO SHOW CAUSE in writing why sanctions should not be imposed against them for the improper signing and filing of a complaint on behalf of Stephen and Valerie Marsh in violation of FRCP 11. The writing is due on or before

3

March 11, 2008.  A hearing on the order to show cause will be held March 18, 2008 at 10 am.

IT IS SO ORDERED.

**VAUGHN R WALKER**
**United States District Chief Judge**