**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

---

ANTHONY R. TWARDOWSKI, an
individual,

*Plaintiff-Appellant,*

v.

AMERICAN AIRLINES, INC.; AMERICA
WEST AIRLINES, INC.,

*Defendants-Appellees.*

No. 06-16726

D.C. No.
CV-05-00237-VRW

---

MYRA GAIL KASTE; KEITH KASTE;
KELVIN KASTE; KENNETH KASTE;
KIM GEORING; KAY KOHRER,

*Plaintiffs-Appellants,*

v.

NORTHWEST AIRLINES; KLM ROYAL
DUTCH AIRLINES,

*Defendants-Appellees.*

No. 06-16730

D.C. Nos.
CV-05-00381-VRW
04-01606-VRW

---

DEBRA MILLER; MICHAEL DOBLER,
                    *Plaintiffs-Appellants,*

            and

ERNEST-WILLIAM REITSCHEL;
MARSHA DABULIS,
                            *Plaintiffs,*

            v.

CONTINENTAL AIRLINES, INC.; AIR
FRANCE, a French corporation,
                    *Defendants-Appellees,*

            and

THE BOEING COMPANY; AMERICAN
AIRLINES, INC.; NORTHWEST
AIRLINES, INC.; SPIRIT AIRLINES,
INC; DELTA AIR LINES, INC,
                        *Defendants.*

No. 06-16746

D.C. Nos.
CV-02-01693-VRW
04-01606-VRW

---

DANIEL WYLIE,
                *Plaintiff-Appellant,*

            v.

AMERICAN AIRLINES, INC.,
                *Defendant-Appellee,*

            and

THE BOEING COMPANY; RECARAO
AIRCRAFT SEATING; WEBER
AIRCRAFT LP,
                        *Defendants.*

No. 06-16749

D.C. No.
CV-02-02997-VRW

Alan Reining,

             *Plaintiff-Appellant,*

    v.

Lufthansa Airlines,

             *Defendant-Appellee,*

    and

Airbus Industrie, Gie,

             *Defendant.*

No. 06-16751

D.C. No.
CV-03-00344-VRW

Michael Williams, individually as
personal representative and as
successor in interest to the Estate
of Robert Williams, deceased;
Mark Williams, individually, and
as successor in interest to the
Estate of Robert Williams,

             *Plaintiffs-Appellants,*

    v.

American Airlines, Inc.,

             *Defendant-Appellee,*

    and

The Boeing Company,

             *Defendant.*

No. 06-16752

D.C. No.
CV-03-02181-VRW

Yesmin A. Canterbury; Scott
Canterbury,

*Plaintiffs-Appellants,*

v.

US Airways,

*Defendant-Appellee.*

No. 06-16767

D.C. No.
CV-04-04872-VRW

Sherri Rahim; Javaid Rahim,

*Plaintiffs-Appellants,*

v.

Continental Airlines, Inc.,

*Defendant-Appellee,*

and

The Boeing Company,

*Defendant.*

No. 06-16768

D.C. No.
CV-04-04870-VRW

FRANK S. KLONOSKI; SYDNE E.
KLONOSKI,
                    *Plaintiffs-Appellants,*

                    v.

BRITISH AIRWAYS, a corporation,
                    *Defendant-Appellee,*

UNITED AIRLINES, INC, a
corporation,
                    *Defendant-Appellee,*

                    and

AUSTRIAN AIRLINES GROUP, a
corporation; TYROLEAN AIRWAYS, a
corporation,
                    *Defendants,*

DOE SEAT MANUFACTURER; DELTA
AIR LINES, INC,
                    *Defendants.*

No. 06-16771

D.C. Nos.
CV-05-02476-VRW
04-01606-VRW

DIXIE WEBB; DAVID WEBB,
                    *Plaintiffs-Appellants,*

                    v.

AMERICAN AIRLINES; SINGAPORE
AIRLINES LIMITED, a corporation,
                    *Defendants-Appellees,*

                    and

DOE SEAT MANUFACTURER,
                    *Defendant.*

No. 06-16773

D.C. No.
CV-05-02608-VRW

BERNARDO A. CONTE; LIDIA CONTE,
          *Plaintiffs-Appellants,*

          v.

BRITISH AIRWAYS, PLC,
          *Defendant-Appellee.*

No. 06-16776

D.C. Nos.
CV-05-01320-VRW
04-1606 VRW

---

JAN LEENDERS,
          *Plaintiff-Appellant,*

          v.

KLM ROYAL DUTCH AIRLINES;
CONTINENTAL AIRLINES INC.,
          *Defendants-Appellees.*

No. 06-16777

D.C. Nos.
CV-05-01790-VRW
04-1606 VRW

---

WILLIAM HERBERT SMITH,
          *Plaintiff-Appellant,*

          v.

UNITED AIRLINES INC., a
corporation,
          *Defendant-Appellee.*

No. 06-16782

D.C. Nos.
CV-05-02748-VRW
04-1606-VRW

---

RONALD GARDNER; LUANNE
GARDNER,
          *Plaintiffs-Appellants,*

          v.

VARIG; CONTINENTAL AIRLINES,
INC.; DOE SEAT MANUFACTURER,
          *Defendants-Appellees.*

No. 06-16783

D.C. No.
CV-05-01131-VRW

Richard Stein; Charlotte Stein,
          *Plaintiffs-Appellants,*

                    v.

Miami Air Charters; The Boeing
Company; Miami Air
International, Inc.,
          *Defendants-Appellees.*

No. 06-16786
D.C. No.
CV-05-00369-VRW

Taufik Ridani; Jana Fawn Mills,
          *Plaintiffs-Appellants,*

                    v.

KLM Royal Dutch Airlines,
          *Defendant-Appellee,*

                  and

The Boeing Company; Northwest
Airlines, Inc.,
          *Defendants.*

No. 06-16788
D.C. Nos.
CV-04-01092-VRW
04-01606-VRW

Charles Cooluris,
          *Plaintiff-Appellant,*

                    v.

United Airlines, Inc; UAL
Corporation,
          *Defendants-Appellees,*

                  and

Boeing Company,
          *Defendant.*

No. 06-16792
D.C. Nos.
CV-03-03637-VRW
04-1606-VRW

MADHAVI PARVATHANENI,
individually, as personal
representative, and as successor in
interest to the Estate of Srinivas
Samineni, deceased, and as
Guardian Ad Litem for Aneesh V.
Samineni, a minor,
*Plaintiff-Appellant,*

v.

SINGAPORE AIRLINES, a corporation,
*Defendant-Appellee,*

and

INDIAN AIRLINES,
*Defendant.*

No. 06-16797
D.C. Nos.
CV-03-03842-VRW
04-1606-VRW

EVELYN PLOTKIN,
*Plaintiff-Appellant,*

v.

BRITISH AIRWAYS PLC, a
corporation; BOEING COMPANY,
*Defendants-Appellees,*

and

FLYING SERVICE ENGINEERING AND
EQUIPMENT, LTD.,
*Defendant.*

No. 06-16801
D.C. Nos.
CV-03-03242-VRW
04-1606-VRW

CHRISTINE BRYNE,

*Plaintiff-Appellant,*

v.

UNITED AIRLINES, INC; UAL
CORPORATION,

*Defendants-Appellees,*

and

THE BOEING COMPANY,

*Defendant.*

No. 06-16803
D.C. No.
CV-04-01022-VRW

MARK WOODS; LAURA SMITH,

*Plaintiffs-Appellants,*

v.

AIR NEW ZEALAND; DOE SEAT
MANUFACTURER,

*Defendants-Appellees.*

No. 06-16804
D.C. No.
CV-05-01733-VRW

RICHARD JAFFE; ELLEN JAFFE,

*Plaintiffs-Appellants,*

v.

EL AL ISRAEL AIRLINES, LIMITED;
AMERICAN AIRLINES, INC.,

*Defendants-Appellees.*

No. 06-16805
D.C. No.
CV-04-01807-VRW

Marsha Shumaker, individually
and as Guardian Ad Litem for
plaintiffs Ryan Shumaker and
Katie Shumaker; Ryan Shumaker,
a minor; Katie Shumaker, a
minor,
                          *Plaintiffs-Appellants,*

                 v.

UAL Corporation; United Air
Lines, Inc.; United Airlines Inc,
                          *Defendants-Appellees.*

No. 06-16831

D.C. No.
CV-04-04322-VRW

James C. Tepe, individually, and
as personal representative and
executor of the Estate of
Rosemary Tepe, Deceased; Mary
Therese Hankner; Patricia
Kreiling; Susanne Tepe; Peter
Tepe; Jean Tolbert; Jean
Wurtenberger; Lawrence Tepe;
Anne Tepe; Marylin Seastrom;
Jerome A. Tepe; Matthew Tepe,
                          *Plaintiffs-Appellants,*

                 v.

Air New Zealand; Delta
Airlines; Delta Airlines Inc,
                          *Defendants-Appellees,*

                and

The Boeing Company,
                          *Defendant.*

No. 06-16832

D.C. No.
CV-04-04527-VRW

RONALD SLOSKY,

                      *Plaintiff-Appellant,*

          v.

ALASKA AIRLINES, INC.,

                      *Defendant-Appellee.*

No. 06-16836

D.C. No.
CV-04-00487-VRW

---

JANICE SCHMIDT,

                      *Plaintiff-Appellant,*

          v.

CONTINENTAL AIRLINES, INC.,

                      *Defendant-Appellee.*

No. 06-16837

D.C. No.
CV-03-05538-VRW

---

JOSEPH J. LABADIA,

                      *Plaintiff-Appellant,*

          v.

VIRGIN ATLANTIC AIRWAYS, LTD.,

                      *Defendant-Appellee.*

No. 06-16855

D.C. No.
CV-05-02952-VRW

---

KAMIL MATYSKA,

                      *Plaintiff-Appellant,*

          v.

KLM ROYAL DUTCH AIRLINES;
NORTHWEST AIRLINES, INC.; THE
BOEING COMPANY,

                      *Defendants-Appellees.*

No. 06-16860

D.C. Nos.
CV-03-04102-VRW
CV-04-01606-VRW

WILSON OLIVEIRA; PAULA SEIXAS,
                    *Plaintiffs-Appellants,*

               v.

UNITED AIR LINES, INC.; UAL
CORPORATION; BOEING COMPANY,
                    *Defendants-Appellees.*

No. 06-16863

D.C. Nos.
CV-03-04830-VRW
CV-04-01606-VRW

TAPA BISWAS; SUSHMITA ROY,
                    *Plaintiffs-Appellants,*

               v.

BRITISH AIRWAYS,
                    *Defendant-Appellee.*

No. 06-16985

D.C. No.
CV-05-01895-VRW

CYNTHIA RIALS,
                    *Plaintiff-Appellant,*

               v.

UNITED AIRLINES; JAPAN AIRLINES;
DOE SEAT MANUFACTURER; UNITED
AIRLINES, INC,
                    *Defendants-Appellees.*

No. 06-16987

D.C. No.
CV-05-02493-VRW

FRANK S. KLONOSKI; SYDNE E.
KLONOSKI,
                    *Plaintiffs-Appellants,*

                    v.

DELTA AIRLINES, INC.; BRITISH
AIRWAYS; AUSTRIAN AIRLINES
GROUP; TYROLEAN AIRWAYS;
UNITED AIRLINES, INC; DOE SEAT
MANUFACTURER,
                    *Defendants-Appellees.*

No. 06-17019

D.C. Nos.
CV-05-02476-VRW
04-1606-VRW

SHAWN HARRIS,
                    *Plaintiff-Appellant,*

                    v.

ATA AIRLINES, INC., a corporation,
                    *Defendant-Appellee.*

No. 06-17027

D.C. No.
CV-04-01461-VRW

CHANNA VAJJALA PRASAD,
                    *Plaintiff-Appellant,*

                    v.

ATA AIRLINES INC.; LUFTHANSA
GERMAN AIRLINES,
                    *Defendants-Appellees.*

No. 06-17028

D.C. No.
CV-04-00875-VRW

JULIE BRACKENBURY; CHRISTOPHER
BRACKENBURY,
         *Plaintiffs-Appellants,*

         v.

VIRGIN ATLANTIC AIRWAYS, LTD.,
         *Defendant-Appellee.*

No. 06-17044

D.C. No.
CV-05-03873-VRW

OPINION

Appeal from the United States District Court
for the Northern District of California
Vaughn R. Walker, District Judge, Presiding

Argued and Submitted
May 12, 2008—San Francisco, California

Filed July 30, 2008

Before: Betty B. Fletcher and Pamela Ann Rymer,
Circuit Judges, and Kevin Thomas Duffy,* District Judge.

Per Curiam Opinion

---

*The Honorable Kevin Thomas Duffy, Senior United States District
Judge for the Southern District of New York, sitting by designation.

## COUNSEL

Clay Robbins, Magana Cathcart & McCarthy, Los Angeles, California (argued); Randy Baker, Seattle, Washington, for the plaintiffs-appellants.

William Boyce, Fulbright & Jaworski, Houston, Texas; Richard Grotch, Coddington, Hicks & Danforth, Redwood City, California; Samantha D. Hilton, Kenney & Markowitz, San Francisco, California; Charles L. Coleman, Holland & Knight, San Francisco, California; Clem C. Trischler, Pietragallo, Bosick & Gordon, Pittsburgh, Pennsylvania (argued); Sara A. Simmons, Law Offices of Sara A. Simmons, San Francisco, California; Kevin R. Sutherland, Clyde & Co. US, Woodland Hills, California; Diane Westwood Wilson, New York, New York; Jeffrey A. Worthe, Santa Ana, California; Rod D. Margo, San Francisco, California (argued), for the defendants-appellees.

## OPINION

PER CURIAM:

   In these consolidated appeals,[1] airline passengers or their

---

[1]The cases were transferred to the Honorable Vaughn R. Walker in the Northern District of California pursuant to order of the Judicial Panel on Multidistrict Litigation under 28 U.S.C. § 1407, MDL Docket No. 04-01606. *In re Deep Vein Thrombosis Litigation*, 323 F. Supp. 2d 1378 (J.P.M.L. 2004). The district court's judgment is appealed under the lead case of *Miller v. Continental Airlines, Inc.* (No. 06-16746). We ordered the cases consolidated for purposes of appeal. Air New Zealand, Ltd., Israel Airlines, Ltd., Japan Airlines, KLM Royal Dutch Airlines, Luf-

survivors appeal from summary judgment in favor of Continental Airlines and a number of other air carriers on their claim for damages for failure to warn of the risk of Deep Vein Thrombosis (DVT) on international flights. They argue that the airlines' refusal of requests to warn was an unexpected event and thus, an "accident" under Article 17 of the Warsaw Convention, because before their flights, the airlines' trade organization, the English House of Lords, and airline medical officers had urged airlines to warn of DVT risks, and the airlines themselves had publicly represented that preventing passenger injury was a priority. However, we have already held that *developing* DVT in-flight is not an "accident," *Rodriquez v. Ansett Australia, Ltd.*, 383 F.3d 914, 917 (9th Cir. 2004), and that *failing to warn* about its risk is not an "event" for purpose of liability for an "accident" under Article 17, *Caman v. Continental Airlines, Inc.*, 455 F.3d 1087, 1092 (9th Cir. 2006). Neither requests by public agencies, nor the airlines' public commitment to safety, converts the failure to warn about DVT into an event or accident; the gravamen remains, at its core, a failure to warn. If there is no liability for failure to warn, there is none for failure to warn effectively. Accordingly, we affirm.

I

Between 2001 and 2004, passengers or their decedents purchased a plane ticket on an air carrier for an international flight during which they allegedly incurred injuries and, in five cases, death, which they attribute to DVT. Deep vein thrombosis is a medical condition in which a blood clot forms in the deep veins of the legs. Before their flights, the Interna-

_____

thansa German Airlines, and Singapore Airlines, Ltd. separately filed a joint brief, as did Yesmin A. Canterbury in her case against US Airways. Unless necessary for context, we refer to Miller and the other appellants as "passengers," and to Continental and the other appellees as "airlines" or "air carriers."

tional Air Transport Association (IATA), the English House of Lords, and airlines' own medical personnel had suggested that airlines warn passengers about DVT. For example, in December 2000, the British House of Lords published a report suggesting that airlines should make DVT information available through "high profile pre- and in-flight preventive advice" as well as "active encouragement of in-flight mobility and preventive leg exercises." In a magazine article, the chief medical officer of United Airlines, Dr. Gary Kohn, said that United takes extra safety steps and gives passengers tips on avoiding DVT. And in February 2001, the IATA issued a press release that stated, among other things, at the present time, there is no conclusive medical evidence supporting a connection of DVT with long distance travel; air carriers should warn passengers of the risk of DVT at the time of making reservations; and on board, airlines should encourage passengers to drink sufficient fluids, wear loose fitting clothes, avoid smoking and alcoholic beverages, and perform physical exercises in their seats. Air carriers generally put information about DVT on their websites and in inflight magazines. Air carriers also publically state that preventing passenger injury is a priority.

Air carriers moved for summary judgment, which the district court granted. The court concluded that *Caman* mostly controlled, but that, to the extent passengers maintained that the airlines elected not to give warnings (or effective warnings), those decisions would be too remote from the embarking, disembarking, and on-board process for injury to be compensable under Article 17. The court allowed discovery into industry practice and individual airline policy, but rejected passengers' Fed. R. Civ. P. 56(f) request for additional discovery.

Passengers timely appealed.

II

The United States is party to the Convention for the Unification of Certain Rules Relating to International Transporta-

tion by Air, commonly known as the "Warsaw Convention." Oct. 12, 1929, 49 Stat. 3000, T.S. No. 876 (1934). The Convention provides uniformity with respect to documentation and certain procedural matters, and imposes limitations on liability. *El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155, 169 (1999); *In re Aircrash in Bali, Indonesia on April 22, 1974*, 684 F.2d 1301, 1307 (9th Cir. 1982). The "recovery for a personal injury suffered on board an aircraft or in the course of any of the operations of embarking or disembarking [an aircraft], if not allowed under the Convention, is not available at all." *Tseng*, 525 U.S. at 161 (quotation and citation omitted).

**[1]** Article 17 governs injury to persons suffered during international air travel and provides:

> The carrier shall be liable for damage sustained in the event of the death or wounding of a passenger or any other bodily injury suffered by a passenger, if the accident which caused the damage so sustained took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

Warsaw Convention, Art. 17.

**[2]** The Convention itself does not define "accident," but the Supreme Court did in *Air France v. Saks*, 470 U.S. 392 (1985). An "accident" is an "unexpected or unusual event or happening that is external to the passenger." *Id.* at 405. Although "[t]his definition should be flexibly applied after assessment of all the circumstances surrounding a passenger's injuries," *id.,* "when the injury indisputably results from the passenger's own internal reaction to the usual, normal, and expected operation of the aircraft, it has not been caused by an accident, and Article 17 . . . cannot apply," *id.* at 406. In turn, the Court focused on the meaning of "event" in *Olympic Airways v. Husain*, 540 U.S. 644 (2004). There, a passenger and his wife were seated near the smoking section. The passenger had a history of anaphylactic reactions to smoke and

asked a flight attendant to be moved away from it. The crew refused the request, and the passenger died in an apparent reaction to the smoke in flight. Even though the conduct amounted to inaction, the Court concluded that it could nevertheless be an "event" because "[t]he rejection of an explicit request for assistance would be an 'event' or 'happening' under the ordinary and usual definitions of these terms." *Id.* at 655.

[3] Based largely on this rationale, passengers here contend that it was equally unexpected and unusual for air carriers not to warn effectively about DVT because the airlines had been "requested" to do so by IATA, the English House of Lords, and airline doctors. However, an airline's failure to warn a passenger about DVT is not an "event," and thus not an Article 17 "accident." *Caman*, 455 F.3d at 1092. It does not become one simply because public agencies have recommended, or "requested," warnings.

Other courts, including those of signatory nations whose views are entitled to weight, are in accord. *See, e.g., Blansett v. Continental Airlines, Inc.*, 379 F.3d 177, 180 (5th Cir. 2004) (acknowledging that the IATA has recommended that airlines implement a schedule of instructions on the risks of DVT, and holding that Continental's failure to warn of DVT was not an "unusual or unexpected event" and therefore not a qualifying "accident"); *Povey v. Qantas Airways Ltd.*, (2005) 223 C.L.R. 189 (Austl.) (holding that the failure to warn of DVT is not an actionable "accident" under the Convention); *Deep Vein Thrombosis and Air Travel Group Litig.*, [2005] UKHL 72, [2006] 1 A.C. 495 (U.K.) (same). Nor does the Federal Aviation Administration require warnings on DVT.

[4] Passengers' reliance on *McCaskey v. Continental Airlines, Inc.*, 159 F. Supp. 2d 562 (S.D. Tex. 2001), and *Fulop v. Malev Hungarian Airlines*, 175 F. Supp. 2d 651 (S.D.N.Y. 2001), is misplaced. Unlike in *Caman, Rodriguez*, and *Blan-*

*sett*, injuries in both these cases (as in *Hussain*) stemmed from specific health-based requests for help that were unheeded by airline crew. The passenger in *Fulop* had a heart attack on board, 175 F. Supp. 2d at 664; in *McCaskey*, a stroke, 159 F. Supp. 2d 568; yet in neither case did the plane divert. Generalized requests by public agencies to warn are quite different from the particularized requests by individual passengers for assistance, and the airline's response to them, at issue in these cases. Nor does our decision in *Prescod v. AMR, Inc.*, 383 F.3d 861 (9th Cir. 2004), support passengers' submission that a "promise" by air carriers to make passenger safety a priority is an "event." There, an embarking passenger made a specific request — that a bag with medications and a breathing device stay with her on the flights ahead — *and* the airline gave its word to honor this request. The airline then unexpectedly seized, and delayed, the bag. We concluded that seizing the bag was an "unusual and unexpected event" because doing so was contrary to the airline's specific promise, and was external to the passenger for the same reason the refusal of assistance in *Husain* was external to the passenger. *Prescod*, 383 F.3d at 868. A failure to follow through on a promise to take care of a specific, health-related request, which was unexpected in *Prescod* because of the promise, does not mean that every injury to a passenger is an unexpected "event" simply because airlines have declared that avoiding injury to passengers is a priority.

Just as we found it unnecessary to decide how industry standards figure into the Article 17 analysis in *Caman*, it is unnecessary to do so here. Passengers present no substantial evidence of an industry standard with respect to warning about the risks of DVT.

Finally, to the extent that passengers fault the district court for having invoked Article 17's space and temporal limitations, it was in response to their alternative position that the airlines "elected" or decided not to warn despite requests to do so. However, we cannot see how it matters whether, or

when, a decision not to warn was made in this case as there was no duty to warn of DVT risks in any event.

### III

Passengers submit that regardless of how we view their case as to others, the judgment must be reversed as to Singapore Airlines because Singapore violated its own safety policy. Passengers' only submission in support is a newspaper article, which is hearsay. As there is no substantial evidence of Singapore's policy, we need not (and do not) decide what effect, if any, an airline's violation of its own policies would have on liability under Article 17.

### IV

[5] Passengers maintain that such DVT warnings as were given through videos, magazines, and in ticket packets, failed to notify them of the risks of DVT. This is beside the point, given our holding in *Caman* that the airlines have no duty to warn of the risks of DVT. Given no duty to warn, it follows that there is no duty to warn in any particular way.[2]

### V

Yesmin A. Canterbury's argument that summary judgment should be reversed on the ground that her declaration indicates that a US Airways flight attendant prevented her from standing and moving around during flight, even if properly raised in the district court, lacks merit. There was nothing unusual or unexpected about this flight attendant's instructions to Canterbury to remain seated, so this occurrence cannot constitute an Article 17 accident. *See Witty v. Delta Air*

---

[2]As the Court made clear in *Saks*, whether there is an "accident" for purposes of Article 17 is different from the question whether an air carrier has done all it can to prevent an injury that is inherent in air travel for purposes of Article 20(1). 470 U.S. at 407.

*Lines, Inc.*, 366 F.3d 380, 385 (5th Cir. 2004) ("[A]ny warning that passengers should not stay in their seats, but should instead move about to prevent DVT, would necessarily conflict with any federal determination that, all things considered, passengers are safer in their seats.").

## VI

Passengers' argument that additional discovery would have disclosed additional refused requests and disregarded statements establishing the necessity to warn of DVT, and that failure to do so was part of a cover-up of DVT risk, fails for essentially the same reasons. The district court permitted broad discovery into the airlines' actual practices, warnings of the risks of DVT, and policies. Beyond this, discovery would be unlikely to produce any probative evidence.

**AFFIRMED**.